UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GILBERT PAVLOVSKY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:04-CV-189PS |
| vs. | ) | |
| | ) | |
| MICHAEL SCOTT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

On April 1, 2005, Mr. Pavlovsky filed a Petition for Certificate of Appealability ("CA"). When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Congress codified the *Barefoot* standard at 28 U.S.C. § 2253, *see Slack v. McDaniel*, 529 U.S. 473, 475 (2000), in order to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot*, 463 U.S. at 892. The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Id*. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (citations omitted) (emphasis added).

Mr. Pavlovsky's petition was dismissed because it was not filed within the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Mr. Pavlovsky pled guilty to a robbery offense and was sentenced on July 20, 1998. Under Indiana Rule of Criminal Procedure 19, he had thirty days to file an appeal. He chose not to file one. Pursuant to 28 U.S.C. § 2244(d)(1)(A), Mr. Pavlovsky had one year from the "expiration of the time for seeking (direct) review" to file

his habeas petition.  Because he did not take a direct appeal, he had until August 19, 1999 to file any such petition.  Thus, his petition filed May 4, 2004 was too late.  Pavlovsky was actually in prison at the time the instant petition was filed for a probation violation.  He had served his time on the robbery offense and was released but was later re-incarcerated for violating his release conditions.  Importantly, Pavlovsky's petition does not challenge the probation revocation.  Rather, his only challenge is to his underlying robbery conviction. The statute of limitations has run on any such challenge to that conviction.

In short, none of the issues presented to the court in the application for certificate of appealability make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason.  *See Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a certificate of appealability pursuant to Fed. R. App. P. 22(b) is hereby **DENIED** because the petitioner has not made a substantial showing of the denial of a Constitutional right.  The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

**SO ORDERED.**

ENTERED**:** April 15, 2005

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

2